UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
DEAN J. VILLANTE,

                    Plaintiff,         9:04-CV-0759
                                        (FJS)(DRH)

v.

ROBERT L. VANDYKE; Corrections Officer; ROBERT
J. HALL, Corrections Officer,

                    Defendants.

APPEARANCES:                         OF COUNSEL:

DEAN J. VILLANTE
Plaintiff, *pro se*

OFFICE OF THE ATTORNEY GENERAL      ROGER W. KINSEY, ESQ.
State of New York                             Assistant Attorney General
Counsel for the Defendants

DAVID R. HOMER, MAGISTRATE JUDGE

## ORDER

Presently before the Court is a motion from pro se plaintiff Dean J. Villante seeking a change of venue of this action to the United States District Court for the Southern District of New York. Dkt. No. 54. Defendants have filed papers in opposition (Dkt. No. 55), and plaintiff has filed a reply. Dkt. No. 60.

The claims in this action arose during plaintiff's incarceration at Marcy Correctional Facility. Plaintiff has since been released from prison and now resides in Jackson Heights, New York. Discovery in this action is concluded.

Plaintiff requests a change of venue to the Southern District of New York on the ground that he is medically unable to travel long distances and, presumably, would be unable to attend trial in the Northern District. Dkt. No. 54. This Court previously granted plaintiff's request that his deposition be conducted in New York City rather than in Albany,

in light of his medical condition. Dkt. No 36.

For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a). The criteria relevant to a change of venue include:

> (1) convenience of the parties; (2) convenience of the witnesses; (3) relative means of the parties; (4) locus of operative facts and relative ease of access to sources of proof; (5) attendance of witnesses; (6) the weight accorded plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; (9) practical difficulties; and finally, (10) the Court should also consider how best to serve the interests of justice, based upon an assessment of the totality of the material circumstances.

*Wine Markets International, Inc. v. Bass*, 939 F.Supp. 178, 181 (E.D.N.Y. 1996). The district court has broad discretion over the ultimate decision to transfer. *See Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir.1993); *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir.1992) ("motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis.").

Shortly after plaintiff filed his motion to change venue, defendants filed a motion for summary judgment. Dkt. No 56. Defendants claim that plaintiff has failed to state a claim against them upon which relief may be granted pursuant to 42 U.S.C. § 1983. This motion, if granted, may result in the dismissal of this action in its entirety.

Because the Court will determine defendants' summary judgment motion on the basis of the papers submitted, and without oral argument, the Court denies plaintiff's motion to change venue, without prejudice to renew if the defendants' motion for summary judgment is denied in whole or in part.

WHEREFORE, it is hereby

ORDERED, that the plaintiff's motion to change venue (Dkt. No. 54) is denied without prejudice to renew .

ORDERED, that plaintiff file his response in opposition to defendants' motion for summary judgment **within thirty (30) days** of the filing date of this order, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

IT IS SO ORDERED.

Dated: May 9 , 2006
      Albany, New York

David R. Homer
U.S. Magistrate Judge