**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

DEAN J. VILLANTE,

                    Plaintiff,

     v.                                          No. 04-CV-759
                                               (FJS/DRH)

ROBERT L. VANDYKE, C.O., and ROBERT J.
HALL, C.O.,

                    Defendants.

_____

**APPEARANCES:**                   **OF COUNSEL:**

DEAN J. VILLANTE
Plaintiff Pro Se
25-43 72ND Street
Jackson Heights, New York 11370

HON. ELIOT SPITZER            ROGER W. KINSEY, ESQ.
Attorney General for the         Assistant Attorney General
  State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

      Plaintiff pro se Dean J. Villante ("Villante"), formerly an inmate in the custody of the

New York State Department of Correctional Services ("DOCS"), brings this action pursuant to

42 U.S.C. § 1983 alleging that defendants, two DOCS employees, violated his constitutional

rights under the Eighth Amendment when they failed to protect him from an assault by other

_____

      [1] This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

inmates.  Compl. (Docket No. 1).  Presently pending is defendants' motion for summary

judgment pursuant to Fed. R. Civ. P. 56.  Docket No. 56.  Villante opposes the motion.

Docket No. 62.  For the reasons which follow, it is recommended that defendants' motion be

denied.


## I. Background

The facts are presented in the light most favorable to Villante as the non-moving party.

See Ertman v. United States, 165 F. 3d 204, 206 (2d Cir. 1999).

At all relevant times, Villante was incarcerated at Marcy Correctional Facility ("Marcy").

On December 22, 1998, at approximately 9:30 p.m., Villante was returning from the

recreation area along an outside walkway when he and another inmate were attacked by

approximately twenty inmates.  Compl. at 2.  Villante was repeatedly kicked in his lower back

and face and was cut with a sharp instrument below his right eye, lip, and tongue.  Id.; Hall

Aff. (Docket No. 56) at Ex. D.[2]  Defendants Vandyke and Hall "stood by and watched

[Villante] be assaulted and scarred for life."  Compl. at 2.  Villante was provided medical

treatment at Marcy and then was transferred to St. Elizabeth's Hospital.  Hall Aff. at Ex. D.

This action followed.

---

[2] Defendants contend that Villante has failed to answer their Statement of Material
Facts in violation of N.D.N.Y.L.R. 7.1(a)(3) and, thus, defendants' factual allegations
should be deemed admitted for the purpose of this motion.  Docket No. 63.  However,
Villante has submitted an answer.  See Docket No. 65.  Because of plaintiff's pro se status
and his substantial compliance with the rule, the Court accepts Villante's Response to
Defendants' Statement of Material Facts.

## II. Discussion

Villante asserts two causes of action, each alleging that defendants failed to prevent an assault against him.  Defendants seek dismissal on both claims.

## A. Legal Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment.  Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).  When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special

3

solicitude.  Id.[3]  However, the mere existence of some alleged factual dispute between the

parties will not defeat an otherwise properly supported motion for summary judgment; the

requirement is that there be no genuine issue of material fact.  Anderson, 477 U.S. at 247-

48.

### B. Failure to Protect

Prison officials have a duty to protect inmates from violence by other inmates.  Farmer

v. Brennan, 511 U.S. 825, 832-33 (1994); Hayes v. New York City Dep't of Corrs., 84 F.3d

614, 620 (2d Cir. 1991).  However, not every injury suffered by one inmate at the hands of

another imposes constitutional liability.  Farmer, 511 U.S. at 834.  Mere negligence by a

correctional officer does not state a claim under § 1983.  See Williams v. Vincent, 508 F.2d

541, 546 (2d Cir. 1974).  When asserting a failure to protect claim, an inmate must establish

that he was "incarcerated under conditions posing a substantial risk of serious harm" and

that the defendants acted with deliberate indifference to the inmate's safety.  Farmer, 511

U.S. at 834.  Deliberate indifference is established when the official knew of and disregarded

an excessive risk to inmate health or safety.  Id. at 837.  However, "the issue is not whether

[a plaintiff] identified his enemies by name to prison officials, but whether they were aware of

a substantial risk of harm to [plaintiff]."  Hayes, 84 F.3d at 621.

---

[3] Villante is not without litigation experience, however, having filed ten other federal
actions since 1989.  See U.S. Party/Case Index (visited Sept. 12, 2006)
<http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>.

4

**1. Serious Risk of Harm**

Villante contends that defendants were aware of the persistent pattern of assaults at Marcy and were deliberately indifferent to Villante's safety.  In support of his contention, Villante has provided the Unusual Incident ("UI") Reports for DOCS from 1997 through 1999 and various news articles discussing gang activity in DOCS prisons.  See Pl. Reply Mem. of Law (Docket No. 62) at Exs. 1-4.  However, it is undisputed that prior to the assault, defendants did not receive a request for protection from Villante or have any indication that he was in danger.  See Hall Aff. at ¶ 19; Vandyke Aff. (Docket No. 56) at ¶ 15; Pl. Reply Statement of Material Facts (Docket No. 65) at ¶¶ 19, 34.  Further, the various UI Reports and news articles fail to demonstrate that defendants acted with deliberate indifference to Villante's safety.  Thus, Villante has failed to raise a material issue of fact as to whether defendants knew of or disregarded a serious risk to his safety.  See Farmer, 511 U.S. at 837.

Therefore, it is recommended that defendants' motion for summary judgment be granted on this ground.


**2. Failure to Stop the Assault**

Villante contends that defendants witnessed the assault on December 22 but "stood by and did nothing to prevent [the] assault."  Compl. at 3-4.  A failure to protect violation occurs "when prison guards simply stand by and permit an attack on an inmate by another inmate to proceed."  George v. Corr. Officer Burton, No. Civ. 00-143(NRB), 2001 WL 12010, at *3 (S.D.N.Y. Jan. 4, 2001) (citing Davidson v. Cannon, 474 U.S. 344, 348 (1986)).  Defendants offer evidence that on December 22, 1998, they were assigned to monitor the

5

movement of inmates between various buildings during transit times.  Hall Aff. at ¶¶ 3-4;

Vandyke Aff. at ¶¶ 3-6.  That night, at approximately 9:30 p.m., defendants observed a group

of inmates proceeding along a walkway, including an inmate who appeared to fall to the

ground.  Hall Aff. at ¶¶ 6-7; Vandyke Aff. at ¶¶ 10-11.  Hall stated that he was approximately

thirty feet away from the incident and believed that the inmate had slipped and fallen on the

ice.  Hall Aff. at ¶¶ 7-8.  Hall also stated that he immediately went to see if the inmate was

injured and Vandyke moved toward the area to assist Hall.  Hall Aff. at ¶ 8; Vandyke Aff. at ¶

11.  Because of blowing snow and poor visibility, Hall was unable to identify any of the

individuals walking with Villante at the time of the assault.  Hall Aff. at ¶ 16.

     However, Villante contends under oath that both defendants "stood and watched" the

assault.  Compl. at 2.[4]   Villante also contends that defendants failed to order "the attackers

to stop, call for help or to intervene," instead waiting for the assault to end before calling for

assistance.  Pl. Reply Mem. of Law (Docket No. 62) at 9.[5]  Villante further contends that the

weather was clear that night, therefore allowing defendants to witness the attack.  Comp. at

---

[4]Under Fed. R. Civ. P. 56(e), the non-moving party must offer evidence in sworn
affidavits to oppose a properly supported motion for summary judgment.  A verified
complaint meets this requirement.  See Ford v. Wilson, 90 F.3d 245, 246 (7th Cir. 1996);
King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994).  The complaint here was verified, see
Compl. at 5, and will, therefore, be considered on this motion.

[5] In his complaint, Villante also refers to this Court's denial of summary judgment as
to defendants Hall and Vandyke in a case involving substantially similar facts to the instant
case.  See Compl. at 3-4; see also Villante v. VanDyke, No. Civ. 99-830(DRH), at 12
(N.D.N.Y. Mar. 16, 2001), approved and adopted in its entirety, Villante v. VanDyke, No.
Civ. 99-830(LEK), at 2 (N.D.N.Y. Mar. 30, 2001).

2.  Thus, material issues of fact remain as to what defendants witnessed and whether they intentionally or recklessly failed to intervene in the attack.

Therefore, it is recommended that defendants' motion for summary judgment on this ground be denied.

## C. Qualified Immunity

Defendants also contend that they are entitled to qualified immunity.  Qualified immunity generally protects governmental officials from civil liability insofar as their conduct does not violate clearly established constitutional law of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229-30 (N.D.N.Y. 2002), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003).  A court must first determine that if plaintiff's allegations are accepted as true, there would be a constitutional violation. Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights were clearly established at the time of the alleged violation. Aiken, 236 F. Supp. 2d at 230.  Here, it was well established that on the date of the assault, December 22, 1998, prison officials could not stand by and permit an inmate to attack another inmate.  See Davidson, 474 U.S. at 348; see also Fossett v. C.M. Morris, No. Civ. 86-3800(MJL), 1991 WL 67093, at *3 (S.D.N.Y. Apr. 22, 1991).

Therefore, defendants' motion for summary judgment on this alternative ground should be denied.

7

### III.  Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that defendants' motion for summary judgment (Docket No. 56) be

**DENIED** as to both defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the

foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO**

**OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892

F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


DATED:  September 13, 2006
        Albany, New York

United States Magistrate Judge

8