UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**DEAN J. VILLANTE,**

                      **Plaintiff,**

              v.                                9:04-CV-759
                                                           (FJS/DRH)

**ROBERT L. VANDYKE, C.O.;**
**and ROBERT J. HALL, C.O.,**

                      **Defendants.**
_____

**APPEARANCES**                                   **OF COUNSEL**

**DEAN J. VILLANTE**
Jackson Heights, New York 11370
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**           **ROGER W. KINSEY, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Currently before the Court are Magistrate Judge Homer's September 13, 2006 Report-Recommendation and Order and Defendants' objections thereto.

### II. BACKGROUND

    In his complaint, Plaintiff claims that, on December 22, 1998, at approximately 9:30 p.m., some twenty inmates attacked him and another inmate. Plaintiff further alleges that Defendants

stood by and watched while these inmates repeatedly kicked him in his lower back and face and cut him with sharp instruments below his right eye, lip and tongue.

On September 13, 2006, Defendants moved for summary judgment on the ground that Plaintiff failed to prove the elements of a failure-to-protect claim. In the alternative, Defendants argued that they were entitled to qualified immunity.

Magistrate Judge Homer issued a Report-Recommendation and Order in which he recommended that the Court deny Defendants' motion for summary judgment. Specifically, Magistrate Judge Homer found that, although Plaintiff failed to raise a material issue of fact as to whether Defendants knew of or disregarded a serious risk to his safety prior to the attack, he did raise a material issue of fact about what Defendants witnessed and whether they intentionally or recklessly failed to intervene in the attack. Magistrate Judge Homer also concluded that Defendants were not entitled to qualified immunity.

### III. DISCUSSION

**A.     Standard of review**

The district court reviews *de novo* those portions of a magistrate judge's report-recommendation and order to which a party objects, *see Singleton v. Caron,* No. 9:03-CV-00455, 2006 WL 2023000, *1 (N.D.N.Y. July 18, 2006) (citations omitted), and for clear error those portions to which a party does not object, *see Stokes v. Artus,* No. 05 Civ.1975, 2006 WL 1676437, *2 (S.D.N.Y. June 14, 2006) (citing *Thomas v. Arn,* 474 U.S. 140, 149 (1985)). The district court reviewing a magistrate judge's report-recommendation and order "'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge.'" *Everson v. New York City Transit Auth.,* No. 1:02-cv-1121, 2007 WL 539159, *3 (E.D.N.Y. Feb. 16, 2007) (citing 28 U.S.C. § 636(b)(1)).

To grant a motion for summary judgment, the court must find that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court "resolve[s] all ambiguities and draw[s] all reasonable inferences against the moving party." *Skubel v. Fuoroli*, 113 F.3d 330, 334 (2d Cir. 1997) (citation omitted). However, "[w]hen no rational jury could find in favor of the nonmoving party . . . a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs. Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994) (citation omitted).

**B.    Plaintiff's failure-to-protect claim**

To establish a failure-to-protect claim under § 1983, a plaintiff "must show that he [was] incarcerated under conditions posing a substantial risk of serious harm" and that the defendant was deliberately indifferent to the plaintiff's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation, quotation and footnote omitted). When determining whether conditions pose a substantial risk of serious harm, the courts have adopted an objective test that requires a plaintiff to show that he was subject to a risk of harm. *See Helling v. McKinney*, 509 U.S. 25, 35 (1993). In addition, a finding of deliberate indifference is a subjective test that requires the plaintiff to demonstrate that the defendant knew of and disregarded an excessive risk to the plaintiff's health and safety. *See Farmer*, 511 U.S. at 837. A plaintiff can show deliberate

indifference by presenting evidence "that a substantial risk of inmate attacks was 'longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official . . . had been exposed to information concerning the risk and thus 'must have known' about it . . . .'" *Farmer*, 511 U.S. at 842 (quotation omitted).

Plaintiff bases his failure-to-protect claim on two theories. First, Plaintiff alleges that, prior to the attack, Defendants were aware that Plaintiff was in danger and that, despite this knowledge, they did nothing to protect him from attack. Alternatively, Plaintiff contends that, although Defendants saw his fellow inmates attack him, they did nothing to stop the attack. The Court will address each of these theories in turn.

### *1. Defendants' prior knowledge that Plaintiff was in danger*

Plaintiff claims that Defendants were deliberately indifferent to his safety because, based upon DOCS' Unusual Incident Reports from 1997 through 1999 and various news articles discussing gang activity in DOCS' prisons, they should have known that he was in danger of being attacked. However, Plaintiff does not dispute that, prior to the assault, he did not request that Defendants protect him from attack.

Magistrate Judge Homer concluded that neither the newspaper articles nor the Unusual Incident Reports demonstrated that Defendants acted with deliberate indifference. *See* Report-Recommendation and Order at 5.

The parties do not object to this portion of Magistrate Judge Homer's Report-Recommendation and Order. Having reviewed the record in this case, the Court agrees with

Magistrate Judge Homer's conclusion that Plaintiff has failed to raise an issue of fact as to whether Defendants were aware of any danger to Plaintiff's safety prior to the alleged attack. Therefore, the Court adopts Magistrate Judge Homer's recommendation in this regard.

### 2. *Defendants' failure to stop the attack on Plaintiff*

Defendants contend that Magistrate Judge Homer erred in finding that Plaintiff had raised a question of fact about whether they failed to stop the attack on Plaintiff. *See* Defendants' Objections at ¶ 1. To support their position, Defendants rely upon the following facts, which they claim are not in dispute: (1) they arrived within seconds of the alleged assault, (2) the entire incident lasted only a few seconds, and (3) Defendant Vandyke was approximately 150 yards away and had no way to know that Plaintiff was in danger. *See id.* at ¶¶ 3, 5-6. Specifically, Defendants contend that they observed a group of inmates proceeding along a walkway, including an inmate who appeared to fall to the ground, that Defendant Hall immediately went to see if the inmate was injured, and that Defendant Vandyke moved toward the area to assist him. *See* Report-Recommendation and Order at 6 (citations omitted). Finally, Defendant Hall asserts that he was unable to identify any of the individuals walking with Plaintiff at the time of the assault because of blowing snow and poor visibility. *See id.* (citation omitted).

On the other hand, Plaintiff asserts that Defendants stood and watched the attack and did nothing to prevent it. *See id.* (citation omitted). He also contends that Defendants failed to order the attackers to stop, to call for help or to intervene, and instead waited for the assault to end before calling for assistance. *See id.* (citation and quotation omitted). Lastly, he alleges that the weather was clear that night, which allowed Defendants to witness the attack. *See id.* (citation

omitted).

Based upon the parties' conflicting accounts of what occurred, it is clear that there is a material issue of fact as to whether Defendants stood by and watched the assault and did nothing to protect Plaintiff. Thus, the Court adopts Magistrate Judge Homer's recommendation and denies Defendants' motion for summary judgment with respect to this aspect of Plaintiff's failure-to-protect claim.

**C.     Qualified immunity**

Qualified immunity generally shields government officials to the extent that their conduct does not violate clearly established statutory or constitutional rights. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted). When analyzing a claim of qualified immunity, the court must first determine "'whether plaintiff's allegations, if true, establish a constitutional violation.'" *Aiken v. Nixon*, 236 F. Supp. 2d 211, 230 (N.D.N.Y. 2002). (citations omitted). Only where there is a constitutional violation will the court proceed to the next step "to determine whether [the] defendant's actions 'violate[d] "clearly established statutory or constitutional rights of which a reasonable person would have known."'" *Id.* (quotation and other citations and footnote omitted).

Magistrate Judge Homer noted that it was well-established on the date of the assault that prison officials could not stand by and permit an inmate to attack another inmate. *See* Report-Recommendation and Order at 7 (citations omitted). Therefore, Magistrate Judge Homer recommended that the Court deny Defendants' motion for summary judgment on the ground that they were entitled to qualified immunity. *See id.*

Defendants object to this conclusion by citing the well-established legal principle that qualified immunity protects all but the plainly incompetent or those who knowingly violate the law. *See* Defendants' Objections at ¶ 12 (quotation omitted). However, they do not explain how this legal principle applies to the facts of this case, nor do they deny that at the time that the incident occurred it was well-established that they could not stand by and watch one inmate assault another.

In 1986, the Supreme Court clearly established that, when a prison official stands by and watches an inmate attack another inmate, he has violated the constitutional rights of the inmate under attack. *See Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (citations omitted). Since Plaintiff has raised an issue of fact about whether Defendants stood by and allowed other inmates to attack him, the Court concludes that Defendants are not entitled to qualified immunity on this claim.

## IV. CONCLUSION

After carefully reviewing Magistrate Judge Homer's Report-Recommendation and Order, Defendants' objections thereto, the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Homer's September 13, 2006 Report-Recommendation and Order is **ADOPTED IN ITS ENTIRETY**; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED** to the extent that Plaintiff's failure-to-protect claim is based upon his theory that Defendants were deliberately indifferent to his safety because they were aware that he was in danger prior to the attack; and the

Court further

**ORDERS** that Defendants' motion for summary judgment is **DENIED** to the extent that Plaintiff's failure-to-protect claim is based upon his theory that Defendants were deliberately indifferent to his safety because they stood by and allowed other inmates to attack him; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Homer for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: January 15, 2008
       Syracuse, New York

*/s/ Frederick J. Scullin, Jr.*
Frederick J. Scullin, Jr.
Senior United States District Court Judge