**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

DEAN J. VILLANTE,

                         Plaintiff,

     v.                                     No. 04-CV-759
                                                  (FJS/DRH)

ROBERT L. VANDYKE, C.O.; and ROBERT J.
HALL, C.O.,

                         Defendants.

_____

**APPEARANCES:**                    **OF COUNSEL:**

DEAN J. VILLANTE
Plaintiff Pro Se
25-43 72ND Street
Jackson Heights, New York 11370

HON. ANDREW M. CUOMO          ROGER W. KINSEY, ESQ.
Attorney General for the            Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### MEMORANDUM-DECISION AND ORDER

Plaintiff pro se Dean J. Villante ("Villante"), formerly an inmate in the custody of the

New York State Department of Correctional Services ("DOCS"), brought this action pursuant

to 42 U.S.C. § 1983 alleging that defendants, two DOCS employees, violated his

constitutional rights under the Eighth Amendment when they failed to protect him from an

assault by other inmates.  Compl. (Docket No. 1).  Presently pending is Villante's  renewed

motion requesting a change of venue to the Southern District of New York.  Docket No. 71.

Defendants oppose the motion.  Docket No. 73.  For the reasons which follow, Villante's

motion is denied.


## I. Background

At all relevant times, Villante was incarcerated at Marcy Correctional Facility

("Marcy").[1]  On December 22, 1998, Villante alleges that he was returning from the recreation

area along an outside walkway when he and another inmate were attacked by approximately

twenty inmates while defendants stood by.  Compl. at 2.  On June 30, 2004, following his

release from DOCS custody,[2] Villante filed the instant complaint against defendants in the

Northern District of New York.  Compl.

Defendants served a notice on Villante for his oral deposition at the office of

defendants' counsel in Albany.  On March 5, 2005, Villante moved for an order to bar his

deposition on the ground that he had been deposed by defendants in a prior proceeding.

Docket No. 24.  The motion was eventually denied by an order dated March 31, 2005.

Docket No. 29 at 2.  However, during a conference on the motion, Villante further asserted

that he was unable to travel to the Northern District for a deposition because of health

problems.  Id. at 2.  Villante was then directed to file medical evidence regarding this

assertion and decision was reserved as to whether Villante's deposition would take place in

---

[1] Marcy and the two named defendants, who are correctional officers at Marcy, are all located in Oneida County in the Northern District of New York.  Kinsey Aff. (Docket No. 73) at ¶ 3.

[2] It appears that Villante has continuously resided at the same address in the Southern District of New York since this action was commenced.  See Compl. at 5.

2

the Northern District or in New York City.  Id.  On May 19, 2005, defendants moved for an

order compelling the deposition of Villante.  Docket Nos. 31, 34.  In an order dated May 31,

2005, defendants' motion was granted but that the deposition take place on June 14, 2005 in

New York City.  Docket No. 36 at ¶ 1.  Additionally, the order directed that the medical

evidence submitted by Villante remain sealed.  Id. at ¶ 5.

On or about December 6, 2005, Villante moved to transfer this case to the Southern

District of New York due to his deteriorating health.  Docket No. 54.  Before that motion was

decided, defendants filed a motion for summary judgment.  Docket No. 56.  In an order dated

May 9, 2006, Villante's motion to change venue was denied, without prejudice to renewal

after defendants' motion for summary judgment was decided.  Docket No. 61 at 2.  In an

order dated January 15, 2008, defendants' motion for summary judgment was granted in part

and denied in part.  Docket No. 70 at 7-8.  This motion followed.  On February 7, 2008, the

parties participated in a teleconference, Villante again requested a transfer of venue to the

Southern District because of his health, defendants opposed the request, defendants

requested that they be granted access to Villante's previously sealed medical records filed in

connection with Villante's deposition (Docket No. 38), and defendants' request was granted

to permit defendants to review the records and submit a response to Villante's motion.

Docket No. 72.

Attached to Villante's motion were, inter alia, letters submitted on his behalf by two

treating physicians and a Social Security decision finding that Villante was entitled to

disability benefits.  Dr. Maritza Brown, who treats Villante for chronic kidney disease, stated

that "[t]raveling at this time is not advisable given the extent of [his] . . . complications."

3

Docket No. 75 at 14.  Dr. Joshua Aron, who treats the chronic viral hepatitis in Villante's liver, stated that "[g]iven his multiple medical problems, [Aron] would not recommend active travel at this time."  Id. at 15.  The Social Security decision dated March 28, 2005 stated that Villante suffered from severe chronic renal failure, was limited to sedentary work with substantial exertional limitations, and was disabled from employment.  Id. at 24.

On February 12, 2008, defendants contacted Drs. Brown and Aron.  Kinsey Aff. at ¶¶ 19-27.  Dr. Brown clarified her letter, explaining that (1) "[Villante] is not undergoing dialysis or any treatment that requires daily medical intervention or oversight," (2) Villante is "monitor[ed by Dr. Brown] every two to three weeks and that **extended travel** that might interrupt that schedule would not be appropriate . . . .," (3) a two or three day trip to Albany for litigation purposes "would not adversely affect [Villante] or his treatment," and (4) "the actual travel [to Albany] would not adversely affect [Villante] in any way but an extended absence from monitoring would be contraindicated."  Id. at  ¶¶ 22-26 (emphasis added).  Dr. Aron stated that he "sees [Villante] approximately once every three months . . . and that his condition would not be adversely affected by travel to Albany; [however,] an **extended absence** due to travel would not be advisable."  Id. at ¶¶ 20-21 (emphasis added).

## II. Discussion

Villante asserts that due to his health concerns, the interests of justice and convenience compel transfer of the case to the Southern District.  Defendants contend that

Villante (1) has not presented sufficient evidence to warrant reconsideration of the previous order denying the change of venue,[3] and (2) is not entitled to a change in venue in any event.

Unless otherwise provided, the venue for a civil action is properly in "a judicial district where any defendant resides, if all defendants reside in the same state" or in "a judicial district in which a substantial part of the events . . . giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b). Suits, as here, seeking recovery under 42 U.S.C. § 1983 are governed by these provisions. See Bunn v. Gleason, 462 F. Supp. 2d 317, 319 (D. Conn. 2006) (applying § 1391(b) to a § 1983 action). However, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). Thus, motions to transfer venue are subject to "a two-part test: (1) whether the action to be transferred might have been brought in the transferee venue; and (2) whether the balance of convenience and justice favors transfer." Rescuecom Corp. v. Chumley, 522 F. Supp. 2d 429, 448 (N.D.N.Y. 2007).

The decision to transfer a case "is committed to the sound discretion of the court." Dixon v. Fischer, No. 9:07-CV-1157 (DNH)(DRH), 2008 WL 141786, at *1 (N.D.N.Y. Jan. 11, 2008) (citations omitted). In determining the first prong of the analysis, "the court must first decide whether . . . venue [in the transferee forum] was proper . . . at the time that the suit was initiated." Id. (citations omitted). Determination of the second prong requires a court to consider

---

[3] Villante's motion is not properly a request for reconsideration but a renewed motion for a change of venue. Docket No. 61 at 2. The May 9 order allowed Villante to renew his motion if defendants' motion for summary judgment was denied. Therefore, defendants' reconsideration argument need not be addressed.

> (1) the convenience of witnesses; (2) the convenience of the parties;
> (3) the location of relevant documents and the relative ease of
> access to those sources of proof; (4) the situs of the operative
> events in issue; (5) the availability of process to compel the
> attendance of unwilling witnesses; (6) the relative means of the
> parties; (7) the comparative familiarity of each district with the
> governing law; (8) the weight accorded a plaintiff's choice of forum;
> and (9) judicial efficiency and the interests of justice

Rescuecom Corps., 522 F. Supp. 2d at 449 (citations omitted).  It is the movant's burden to "establish that a change of venue is warranted; "therefore, it is his or her responsibility "to establish in [the] pleadings and affidavits the conditions necessary to justify transfer." Id. (citations omitted).  Ultimately, the goal of transfer "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Id. at 448.

In this case, venue in the Southern District would not have been proper at the time the suit was initiated.  Under § 1391, venue existed in the Southern District only if (1) one of the defendants resided in the Southern District, or (2) a substantial part of the events giving rise to the instant case occurred there.  This standard cannot be satisfied.  First, both defendants resided in the Northern District.  Kinsey Aff. at ¶ 3.  Second, the alleged actions that gave rise to the present claim occurred at Marcy, which is also located in the Northern District.  Id. Therefore, venue in the Southern District did not exist at the time the action was commenced and Villante's motion on this ground is denied.

Second, Villante has not demonstrated that the balance of interests weighs in his favor.  As defendants indicate, all witnesses except Villante reside in the Northern District. Moreover, all of the underlying facts of the case and any supporting documentation also lie in

6

the Northern District.  Villante points to the deposition accommodations granted to him in consideration of his health problems as recognition that his interests outweigh those of the opposing parties.  However, accommodations for deposition are distinguishable.  See Mason v. Jones, No. 92-C-2241, 1992 WL 205917 at *5 (N.D. Il. Aug. 19, 1992) (denying a motion to transfer venue despite the party's serious medical condition which served as a basis to order that the deposition take place in an different location than the trial).  Here, the accommodation for the deposition required only a single day of travel for defendants' attorney alone at insignificant cost.  The additional burdens for trial concerning time, expense, and coordination placed upon defendants run contrary to the goals of §1404(a) and outweigh Villante's interest in transfer.

VIllante also argues that the interests of justice compel the transfer because (1) his medical conditions preclude him from traveling, and (2) he is prejudiced by the increased time of case disposition in the Northern District as opposed to the Southern District.  "A moving party's medical disability can support a motion to transfer venue . . . ."  Elemary v. Philipp Holzmann, 533 F. Supp. 2d 144, 153 (D. D.C. 2008) (citations omitted).  There is no dispute that Villante suffers impaired health.  However, Villante mischaracterized the extent of his medical ailments.  While Villante's kidney and liver conditions are serious, both his treating physicians have indicated that those conditions do not prohibit Villante from traveling to Albany[4] for the short period of time necessary to try the case.  Additionally, his physicians

---

[4]According to an internet service, the federal courthouse in Albany is approximately 155 miles from Villante's listed residence.  See Yahoo Driving Directions, <http://maps.yahoo.com/dd>.

indicate that the only thing that is contraindicated is extended travel which would preclude Villante from being monitored, at a minimum, every two to three weeks.  This valid concern over extended travel is inapplicable to the present case because Villante's presence in Albany should not extend more than a few days.  Thus, despite his medical condition, his treating physicians' comments confirm that the interests of justice do not compel transfer as Villante is fully able to participate in litigation in the Northern District.

Moreover, Villante's argument that defendants and the Northern District have improperly delayed the progression of his case ignores the fact that Villante's own litigation practices have been the single greatest impediment to completion of this case more expeditiously.  Villante has filed at least five motions and four appeals, none successful.  See Docket Nos. 10, 12, 15, 24, 31, 42, 44, 54, 71.  These proceedings have extended the time necessary to complete this case.  The principal cause of delay in this case has thus been Villante.  His complaints about those delays is disingenuous at best and does not affect disposition of the instant motion.

### III.  Conclusion

For the reasons stated above, it is hereby

**ORDERED** that Villante's renewed motion for transfer of venue (Docket No. 71) is **DENIED**.

DATED:  April 21, 2008
          Albany, New York

*David R. Homer*
_____
United States Magistrate Judge

8