UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEAN J. VILLANTE,

                    **Plaintiff,**

             v.                                    9:04-CV-759
                                                         (FJS/DRH)

**ROBERT L. VANDYKE and ROBERT J. HALL,**

                    **Defendants.**
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **HANCOCK & ESTABROOK, LLP**<br>1500 AXA Tower I<br>100 Madison Street<br>P.O. Box 4976<br>Syracuse, New York 13221-4976<br>Attorneys for Plaintiff | **ZACHARY M. MATTISON, ESQ.** |
| **OFFICE OF THE NEW YORK STATE<br>ATTORNEY GENERAL**<br>The Capitol<br>Albany, New York 12224<br>Attorneys for Defendants | **ROGER W. KINSEY, AAG** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On June 30, 2004, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights resulting from Defendants' failure to protect him while he was incarcerated at Marcy Correctional Facility on December 22, 1998.

Currently before the Court is Defendants' motion to dismiss for failure to prosecute pursuant to Rule 12(b)(6) and 41(b) of the Federal Rules of Civil Procedure.

## II. BACKGROUND

In his complaint, Plaintiff claims that, on December 22, 1998, at approximately 9:30 p.m., some twenty inmates attacked him and another inmate. Plaintiff further alleges that Defendants stood by and watched while these inmates repeatedly kicked him in his lower back and face and cut him with sharp instruments below his right eye, lip and tongue.

On February 17, 2010, Plaintiff informed the Court that, due to his medical condition, he would not be attending trial in this matter but stated that his attorney would prosecute the action in his absence. *See* Dkt. No. 117.

On March 18, 2010, the Court held an interim pretrial conference to address Plaintiff's request that the trial proceed in his absence. The Court indicated that, barring extraordinary circumstances, it was unlikely to allow Plaintiff to introduce his deposition to prove his case. The Court advised the parties' attorneys that it would need updated medical records to further support this argument.[1] Plaintiff's counsel was unable to produce any medical evidence other than what the Court had previously rejected to support a finding of extraordinary circumstances that would permit Plaintiff to proceed by deposition. Defendants moved to dismiss this action for failure to prosecute and filed papers in support of their motion on March 22, 2010. *See* Dkt. No. 119.

On June 21, 2010, the Court denied Defendants' motion to dismiss for failure to prosecute because, although Plaintiff refuses to attend trial to testify on his own behalf, a witness to the event agreed to testify. *See* Dkt. No. 121. On July 20, 2010, the Court held an evidentiary

---

[1] At the conference, Plaintiff's counsel informed the Court that he was not aware of any additional medical records.

hearing to determine whether or not Plaintiff will be able to produce enough evidence for the case to proceed to trial without his testimony.

At the conclusion of the hearing, Defendants renewed their motion to dismiss.

### III. DISCUSSION

To establish an Eighth Amendment claim in failure to protect cases, the plaintiff must establish that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials acted with deliberate indifference to that risk and the inmate's safety. *See Farmer v. Brennan*, 511 U.S. 825, 836 (1994). "Courts considering these claims emphasize the length of time until correctional officers respond to inmate-on-inmate assaults." *Muhmmaud v. Murphy*, No. 3:08-cv-1199, 2009 WL 4041404, *9 (D. Conn. Nov. 19, 2009) (citing *Wilkerson v. Johnson*, 330 Fed. Appx. 257, 259 (2d Cir. 2009)) (other citations omitted).

At the hearing, Defendant's sole witness, Jerson Vargas, testified that while he and Plaintiff were walking back to their dormitory at Marcy Correctional Facility, they were both attacked by three or four people. *See* Hearing Transcript dated July 20, 2010, at 33-34. Moreover, he stated that the attack itself lasted only ten seconds and that the first guard arrived to provide assistance only "eight, ten seconds" after the fight ended. *See id.* at 39.

Mr. Vargas' testimony establishes that, at most, Defendants responded within **twenty (20) seconds** after the fight first started. Such an immediate response clearly does not show deliberate indifference. *See Wilkerson*, 330 Fed. Appx. at 259 (affirming grant of summary judgment in favor of correctional officers where they responded "immediately" to defuse inmate fight); *see also Loggins v. Franklin County, Ohio*, 218 Fed. Appx. 466, 471 (6th Cir. 2007) (dismissing

failure to protect claim because officials did not know of any threat or danger to inmate and because they responded quickly to inmate-on-inmate assault); *McDaniels v. McKinna*, 96 Fed. Appx. 575, 580 (10th Cir. 2004) (holding that correctional officer's slow reaction to inmate fight was not deliberate indifference but, at most, negligence, where officer lacked prior knowledge of specific threat to the plaintiff's safety and the entire incident lasted three minutes).  Moreover, although Plaintiff asserted in his complaint that Defendants were aware of "the violence at Marcy," he does not assert that Defendants were aware of any particular acts of violence or threats directed at Plaintiff and Mr. Vargas did not provide otherwise in his proffer testimony. *See McKinna*, 96 Fed. Appx. at 580.

Based on the foregoing, the Court concludes that Plaintiff is unable to produce facts sufficient to establish a failure to protect claim.  Mr. Vargas' proffer falls far short from establishing the requisite facts for a failure to protect claim.  Accordingly, the Court grants Defendants' motion to dismiss.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: September 30, 2010
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge